## Judson v. Lathrop.

Where a person resides alternately in different parishes, and his residence in each appears to be nearly of the same nature, he may determine, by a declaration made in the manner prescribed by law, in which of the two he intends to have his domicil, and in such case he can be cited only in the parish of his elected domicil. *Aliter,* where the residence in each parish is not of the same nature.

Defendant, who was domiciliated and doing business as a merchant in a country parish, removed to New Orleans, where he became engaged in trade. At the time of removing he filed in the office of the parish judge; both in New Orleans and in the country, a declaration of his intention to preserve his original domicil. It was proved that he passed eight months of each year, or the business season, in New Orleans, and the remaining four months in the parish from which he had removed, and where he still retained an interest in a partnership. *Held,* that defendant might be sued in the parish of Orleans.

APPEAL from the Parish Court of New Orleans, *Maurian,* J.

*Hoffman,* for the appellant, cited 16 La. 596. 3 Robinson, 243.

*T. A. Clarke,* for the defendant. There is a distinction between *domicil* and *residence.* B. & C.'s Digest, 286—7. The declaration made by defendant of his intention to preserve his original domicil, is conclusive. Civil Code, arts. 44, 45. The exception was properly sustained below.

The judgment of the court was pronounced by

SLIDELL, J. In this case, the defendant declines the jurisdiction of the Parish Court of New Orleans, on the ground that his legal domicil is in the parish of East Feliciana.

The facts established in this case show that, about the year 1840, the defendant came to Louisiana from the north, and soon after entered into mercantile business with one *Nichols,* in the parish of East Feliciana, under the firm of *Nichols & Lathrop.* In 1842, the defendant began to live during a part of the year in New Orleans, and transacted the business of a commission merchant here, under the firm of *C. C. Lathrop & Co.* These two houses, composed

of the same partners, existed at these respective places until 1843, when *Nichols* died. But *Lathrop* still, it seems, continues to have an interest in a store in East Feliciana, and has regularly continued the commission business in New Orleans since the New Orleans house was established. He has spent the principal portion of the year in the city, say eight months, or the business season, and, during the remaining four months, being the summer and fall months, he has usually spent his time in East Feliciana, at the house of his deceased partner's widow. He has kept no furnished house in New Orleans, but has lived at a boarding house. In 1844, he voted at a municipal election in New Orleans, and paid municipal taxes.

The defendant, in January, 1843, presented in the Parish Court of this city, a petition, which was ordered to be filed, in which he declared " that, though he has been a resident of New Orleans for some time past, his intention is to preserve his domicil in the parish of East Feliciana, in which parish he has been domiciliated." A copy of this declaration was also filed in the parish judge's office in East Feliciana. This suit was brought in April, 1845. The court below sustained the exception to the jurisdiction, and the plaintiff has appealed.

" It is a general rule in civil matters," says our Code of Practice, art. 162, " that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicil or residence (*residence ordinaire*) ; but the rule is subject to several exceptions." Article 166, declares that, " if a defendant reside alternately in different parishes, he must be cited in that in which he appears to have his principal establishment, or his habitual residence. If his residence in each appear to be nearly of the same nature, in such a case he may be cited in either, at the choice of the plaintiff, unless he has declared, pursuant to the provision of the law, in which of those parishes he intended to have his domicil."

It will be observed that, when the party resides alternately in different parishes, the judicial declaration governs, *when the residences appear to be nearly of the same nature—" si sa residence dans chacune est à peu près la même."*

In the present case, the rule as to judicial declaration is not applicable, for the residences in the parishes of East Feliciana and in New Orleans cannot be considered as nearly the same in their nature. Two-thirds of the year are spent by the defendant in New Orleans ; he passes in the city what is called the business season—the season which is free from the sickness which, in a greater or less degree, annually visits the city, and, acting with commercial causes, arrests the activity of trade. We do not think that, under such circumstances, he can decline the pursuit of his creditors in the courts of New Orleans, and compel them to go to another parish, where, during two-thirds of the year, his person could not be found.

The fact of the defendant's voting here at a municipal election lends strength to the plaintiff's case, but is not, in our opinion, essential to the decision of this controversy.

It is, therefore, decreed, that the judgment of the Parish Court be reversed; that the exception of the defendant be dismissed; and that the cause be remanded for further proceedings according to law, the defendant paying the costs of this appeal, and those incurred in the court below by the filing, trial of, and decree upon this exception.