## S. G. Lacock *v.* T. G. Davidson.

Defendant owned a cotton plantation in the parish of Livingston, where he resided. In 1852, he re moved to Baton Rouge with his family ; purchased a dwelling, and continued to reside in that parish until the institution of the suit. He also opened a law office and practised his profession in Baton Rouge. *Held :* That an action could be brought against him in Baton Rouge. C. P. 166.

APPEAL from the District Court of East Baton Rouge, *Robertson*, J.

*J. W. Seymour*, for plaintiff and appellant.    *G. S. Lacy*, for defendant.

Campbell, J.    The defendant being sued in the District Court of East Baton Rouge, declines the jurisdiction of the court, on the ground, that his legal domicil is in the parish of Livingston.

From the evidence adduced, it appears that, defendant still owns in the parish of Livingston, a large plantation and slaves, with a fine dwelling house on it, in which he, with his family, resided for many years anterior to his removal to Baton Rouge; that since his removal, he has voted in Livingston ; that on the 4th of April, 1853, (since the institution of this suit,) he acted as Commissioner of Elections in, and is now a representative of that parish in the General Assembly of the State ; that he has made no declaration of intention to change his domicil; and that he has made frequent visits to his plantation in Livingston. It likewise appears from the testimony of one witness, that his avowed object in removing to Baton Rouge, was the education of his children—two of whom are at school there—there being no suitable school near his residence in Livingston.

It further appears, that on the 20th March, 1852, defendant purchased a dwelling house and lot in Baton Rouge, and removed there with his family, where they continued to reside up to the time of the institution of this suit; that he at the same time opened a law office, and has constantly since that time, pursued his profession as a practising lawyer at Baton Rouge.

The Article 162 of the Code of Practice prescribes as a " general rule in civil matters, that one must be sued before his own Judge, that is to say, before the Judge having jurisdiction over the place where he has his domicil or residence."    One of the exceptions to this rule is contained in Art. 166, which is as follows : " If a defendant resides alternately in different parishes, he must be cited in that in which he appears to have his principal establishment or his habitual residence.    If his residence in each appears to be nearly of the same nature, in such a case he may be cited in either, at the choice of the plaintiff, unless he has declared, pursuant to the provision of law, in which of those parishes he intended to have his domicil ;" and if he had made no such declaration, he may be cited in the parish where he lives, (C. P. 667,) though he has not resided one whole year in it, if he has done in that parish acts which manifest sufficiently that he intended to make it the place of his domicil."

We are of opinion, under the facts disclosed, that the defendant was properly cited in the parish of East Baton Rouge.    He may not have lost his political domicil in the parish of Livingston ; but, in our opinion, has acquired such a residence in East Baton Rouge, as subjects him to the jurisdiction of that court in a civil action.    *Judson* v. *Lathrop*, 1 Ann. 78.

The chief object of the law in requiring that civil suits should be brought at the domicil of the defendant, is to protect him against the annoyance and incon-

venience of repairing to a distant parish, to conduct his defence. Baton Rouge, having been nearly a year, and still being the actual home of defendant and his family, and the place in which he exercises his vocation as a lawyer, certainly does not bring him within the reason of the rule. It would seem that, being cited before the tribunal in which his professional engagements required his presence, may be regarded as a favor rather than a grievance.

This case differs from that of *McGhee* v. *Brown*, 4 A. 186, relied on by the defence. In that case, the sole object of defendant, in removing to Baton Rouge, as far as it appeared, was the education of his children. He occupied, with his family, a *rented house* and, pursuing *no business there*, continued to give his personal attention to his sugar estate in Iberville. His residence, under such circumstances, might well be regarded as temporary in its nature. In this case, however, it appears that defendant, upon his removal, established his family in a dwelling purchased for the purpose, and though he sometimes visits his plantation in Livingston, he has taken an office and pursues, in Baton Rouge, the professional vocation of an attorney at law. Although those facts are not absolutely inconsistent with the intention to return on the part, there is nothing in them from which such intention can be inferred.

It is, for these reasons, ordered, adjudged and decreed, that the judgment of the District Court, sustaining defendant's plea to the jurisdiction, be annulled and reversed; and that the case be remanded for further proceedings.