YERKES, Guardian, v. BROOM, Executor.

A judgment of the probate court, ordering that " letters of executorship be delivered to petitioner on his being sworn and complying with the requisites of law," does not impose upon the heirs the necessity of prosecuting an appeal from such judgment or of rescinding it by action of nullity, before bringing a direct suit to remove the executor, on the ground that he has not complied with the legal requisites.

Where the declaration of an intention to change his domicil is contradicted by the acts of the applicant, it shall not avail him to evade the law.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Bonford*, and *D. N. Hennen*, for plaintiff. *Durant & Horner*, for defendant and appellant.

BUCHANAN, J.    This is a suit brought by the representative of certain minor heirs of *Samuel Broom*, deceased, to remove from office *George L. Broom*, the executor of the last will of *Samuel Broom*, on the grounds :

1st. That said *George L. Broom*, being a resident citizen of Pennsylvania, and as such, under the legal obligation, to give security before obtaining letters testamentary, has practised a gross deception and legal fraud upon the court in which the succession of *Samuel Broom* was opened, by representing himself, in his petition for letters, as a resident of New Orleans ; by means whereof he has obtained said letters without giving any security.

2d. That said *George L. Broom* has not kept a bank account in his official capacity, nor the books required by law for his transactions as executor.

3d. That the affairs of this succession have been mingled with those of a commercial firm, in which the executor was a partner.

4th. That shortly after his appointment, the executor departed from the State permanently, leaving a full power of attorney with *Duncan N. Hennen*, under which the said *Hennen* has been for several years past exercising the functions of executor of *Samuel Broom's* estate, in violation of law.

*Samuel Broom* died in the city of Lafayette, on the 6th of October, 1849.

The evidence shows conclusively that *George L. Broom*, at the time of the opening of this succession, was a resident citizen of Pennsylvania, and domiciled in Philadelphia.    In the will of *Samuel Broom*, he is described as " of the city of Philadelphia, in the State of Pennsylvania."    In a certain deed of trust from *Christopher Broom* to *George L. Broom*, made after the death of *Samuel Broom*, the said *George* is described as " of the county of Philadelphia."    In a procuration from the heirs of *Samuel Broom* to *George L. Broom*, of date the 3d of January, 1850, the latter is described as "of the city of Philadelphia, sugar refiner."    And the parol evidence offered by plaintiff shows, that the defendant has only been in New Orleans once or twice, and for a few months at a time, his last visit being several years back.    The only evidence tending to show a change of domicil of defendant, is found in a written declaration signed by him, and filed in the Third District Court of New Orleans, on the same day that he presented his petition for letters testamentary to the District Court for the parish of Jefferson (26th of April, 1850).    In this paper, the defendant, styling himself "late of Philadelphia, in the State of Pennsylvania," declares that " he has taken a counting house 72 Magazine street, and

is established in business in the city of New Orleans; that he has removed his domicil from Philadelphia aforesaid, and fixed the same in the city of New Orleans, State of Louisiana, where it is his intention to be a permanent resident."

This declaration, contradicted as it is by all the acts of defendant, must be viewed as made for no other purpose than to evade the law of 1842, page 302, which prescribes that whenever the testamentary executor named in the will shall be present in the State, but be domiciled out of it, the Judge shall only grant him letters testamentary on the execution of his bond, with a good and solvent security, for such a sum and under such conditions as are required by law from dative testamentary executors. The terms of this law are perfectly plain and unambiguous; and the Supreme Court, in the case of *McDonogh's Succession*, 7 Ann. 473, has applied it even to the case when there were other executors residing in the State, and already qualified, besides the executors domiciled abroad, and who subsequently presented themselves, claiming a joint administration.

In the aspect in which we have regarded the declaration of domicil made by defendant in the Third District Court of New Orleans, it seems a work of supererogation, to examine what would have been the legal effect of that declaration, if sincere; and in that connection, to decide upon the applicability of the Articles 42 and 44 of the Civil Code to the case of a party who has had no previous domicil or residence in this State.

Conscious of the weakness of his case upon the question of domicil or residence, the defendant has raised a preliminary objection in argument, in the nature of a declinatory exception, to the effect, that the order of the court granting him letters, is a judgment of a court of competent jurisdiction, which cannot be set aside, except by appeal or action of nullity. Upon this objection, it is to be observed, first, that the present plaintiff, as appears by the record, had originally urged these grounds for the removal of the executor, in an opposition to an account of administration filed by the defendant; but upon exception taken, that the removal of the executor was the subject of a direct action, and could not be mixed up with an opposition to an account, the District Court sustained said exception; and the plaintiff immediately thereupon instituted the present action in conformity to the judgment so rendered. The defendant is thus presented to us in the attitude of one who shifts his ground of defence, without regard to consistency, for the purpose of baffling an adversary. It might well be doubted, whether he is not estopped by his own acts from disputing the right of plaintiff to institute this action. But it is not necessary to put our decision upon such a ground.

Admitting the full force claimed for the order of court of the 26th of April, 1850, as a judgment of a court of competent jurisdiction, what is that order?

"It appearing from the will on file, duly probated, that petitioner is therein appointed a testamentary executor, and that, by the consent order of 10th of April, 1850, the dative executrix has been discharged, it is ordered, that letters of executorship be delivered to petitioner, on his being sworn and complying with the requisites of law." The objection obviously begs the question of defendant's having complied with the requisites of law. The argument of plaintiff is, that the giving of a bond with security was one of those requisites. It is certain that no bond was given; and if plaintiff's premises be correct, his conclusions have nothing inconsistent with the order of court of the 26th of

April, 1850, but must rather be viewed as the complement of that order, and the logical consequence of its non-fulfillment.

Upon the second ground of this action, that defendant has not kept proper books of account, the only evidence which we find in the record, is the answer of *D. N. Hennen, Esq.*, attorney in fact of defendant, filed in June, 1852, to a rule taken upon him to produce the books and papers. Mr. *Hennen* states in substance, that it is impossible for him to do so, as he has sent all the books and papers relating to *Broom's* succession to Philadelphia, to be used by the heirs. This is certainly an extraordinary state of things. What the books and papers are, which have been sent out of the State—whether they are paraphed, as required by Article 1142 of the Code—does not appear. That article, on its face, applies to curators, not to testamentary executors; and granting that its reason applies as much to one as to the other, yet the proof of delinquency, under the article, does not seem to be complete. The Act of 1837, (Bullard & Curry, 498) requires a bank account to be kept by executors, under the penalty of deprivation of office. But that statute requires a particular mode of proceeding, which does not seem to have been followed in relation to this executor.

The evidence on the subject of the third ground of complaint, is too vague to be the basis of a judgment.

As to the allegation that the defendant left the State, permanently, shortly after his appointment as executor, which constitutes the fourth ground for his removal, we think it is established by sufficient evidence. The defendant's counsel contends, that this ground of action is inconsistent with the allegation that the defendant never had a legal residence in Louisiana. We do not so consider it. This ground has a material bearing upon the validity of the power of attorney given by defendant to *Hennen*. We have held in the case of *Dobb's Succession*, 9 Ann., 354, that the provisions of the Act of 1847, p. 115, like those of Article 351 of the Civil Code, only contemplate temporary absences from the State, as giving the right to exercise the trusts of executor, &c., by proxy. Such is, indeed, the language of the Act of 1847—"testamentary executors who only wish to be absent for a time," &c. The power of attorney from defendant to *Hennen*, was given on the 8th of March, 1852. *Broom* must have left the State, according to the evidence, very soon afterwards. This suit was brought in January, 1854, and tried in April, 1854; and it is not proved that defendant had been in the State at all since the date of the power of attorney. Had he been so, the fact could have been easily proved. The issue was directly tendered, and the absence of affirmative proof, is conclusive to our minds, that the defendant was not here during the two years that had intervened. The law assuredly has not contemplated this permanent delegation of the highly confidential and personal trust of testamentary executor.

It is, however, contended by the counsel of defendant, that he does not hold the estate as executor, but as agent of the heirs; and that the latter have been put in possession by an order of court. An inspection of the record shows this view of defendant's position to be incorrect. On the 5th of April, 1850, *Duncan N. Hennen*, not *George L. Broom*, was recognized by order of court, as the agent and attorney in fact of the heirs of *Samuel Broom;* and on the 10th of April, 1850, on motion of *Hennen*, the dative executrix was ordered to deliver to the heirs represented by him, all the effects of the succession; which, by a writing signed the 7th of May, 1850, he, the said *Hennen*,

acknowledges to have been done. Sixteen days after the order putting *Hennen* in possession for the heirs, the defendant made his declaration of domicil, and procured letters testamentary, as already mentioned. The object of the present inquiry is simply to ascertain whether, in the language of the order for his appointment, the defendant has " complied with the requisites of the law," in obtaining his letters. He cannot escape from the position of executor which he has voluntarily assumed, because another person has represented the plaintiff in treating with a previous executor. It is contended, that the heirs have admitted, since the letters granted to defendant, that they were in possession of the estate. Were this true, it would make no difference as to this action. But in fact the admission spoken of, is nothing more than a recital of the judgment or order of the 10th of April, 1850, in a petition presented by *Duncan N. Hennen*, in the name of the heirs, on the 22d of June, 1850, to be allowed to withdraw, temporarily, from the records of the court, the will and codicil of *Samuel Broom.*

The judgment of the District Court is affirmed, at costs of appellant.