No. 2733.—E. VILLERÈ *v.* B. BUTMAN.

It is not necessary for the plaintiff, in answer to the plea of domicile, to show that the defendant has changed his domicile from one parish to another. It is sufficient if he shows that the defendant has a domicile in the parish where suit is brought. If the defendant, by his own acts, has rendered the place of his real domicile equivocal and uncertain, the creditor may, on showing the fact, proceed against him in either parish, at his option.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Ellis*, J. *Muse & Philips*, for plaintiff and appellant. *T. & J. Ellis*, for defendant and appellee.

HOWELL, J. The defendant having been sued as a resident of the parish of Tangipahoa, excepted to the jurisdiction of the court, claiming his domicile in the parish of St. Tammany. The exception was maintained and plaintiff appealed.

The evidence sustains the judgment of the court *a qua*. It is shown that the defendant owns a residence in Mandeville, parish of St. Tammany, where he has resided continuously for ten or twelve years, his family never leaving there. He has been engaged in business in St. Helena, now Tangipahoa, since the first or second year of the war. His largest business establishment is in Clinton, East Feliciana, and he is a silent partner in a business in St. Tammany. He gives his personal attention to the business in Tangipahoa, but it appears that he has always retained his domicile in St. Tammany, where he established a home, and no intention is shown of ever changing that domicile. It is true he voted at Tangipahoa in the fall of 1865, but he says that he expressly inquired if doing so would cause him to lose his citizenship in St. Tammany, and was answered, no. During the last year he was solicited by the citizens to accept the offices of justice of the peace and mayor of Mandeville, which he had held about two years before, and served as a juror in St. Tammany at the last term of the district court, prior to the trial of this suit.

We are disposed to rely somewhat upon the district judge's estimate of the testimony on the question of domicile in this case, as, to say the most in behalf of plaintiff, it is conflicting and confused

Judgment affirmed.

---

ON REHEARING.

TALIAFERRO, J. The substance of the evidence we take to be this: Butman, the defendant, has resided for a number of years in the town of Mandeville, in the parish of St. Tammany, where his family has long been permanently domiciled. He was president of the police jury of that parish and mayor and justice of the peace in the town of Mandeville, but he had been *functus officio* in both cases for two years

before this suit was brought. The town of Mandeville is shown to be more of a watering place or place of resort in the summer season than a business place. The defendant, as a witness, says: "It has been about three years since I had a business establishment in my own name in the parish of St. Tammany."

The sheriff of the parish of Tangipahoa says the defendant "has been living, eating, drinking, sleeping and carrying on business in this place (Amite City) and Tangipahoa for the last three years. His residence has been continuous for the last six months."

The defendant, in his testimony, says: "I have three business establishments in this State, one in this place (Amite City), one in the town of Tangipahoa, one in East Feliciana; also, am a silent partner in a business in the parish of St. Tammany. I have been engaged in business in the parish of St. Helena, now Tangipahoa, since the first or second year of the war, and I have kept up continuously a business ever since in this parish. I regard that my principal business establishment, that is the greatest amount of capital that I have invested, is in Clinton, parish of East Feliciana, in the coffeehouse business. I spend the most of my time at this place for the present." He states that in 1865 he voted in St. Helena, now Tangipahoa, and that he served as a juryman in the parish of St. Tammany in 1869. Here, then, is the case of a man who has a family that has lived constantly in the town of Mandeville ten or twelve years, but who is carrying on no business there, it not being a place of trade or business. On the other hand he has been carrying on business at other places for the last seven or eight years, residing continuously in the parish of St. Helena, now Tangipahoa, for three years, being absent from there during that period for not more than ten days at a time, his principal business establishment having been, during three years, in that parish, at a distance of one hundred miles from Mandeville. We find him voting in St. Helena and afterwards acting as a juror in St. Tammany. We see that he has two places of business in Tangipahoa and one in Clinton, and that he is a silent partner in a fourth concern in Covington. The wife, not separated in bed and board from her husband, can have no other domicile than that of her husband; but it by no means follows that the defendant's domicile must necessarily be in St. Tammany because his wife resides in that parish and has never resided in Tangipahoa. "The principal establishment is that in which a person makes his habitual residence; if he resides alternately in several places and nearly as much in one as in another, and has not declared his intention in the manner hereinafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected." C. C. 38 [42].

It is well established that the defendant resides more in the parish of Tangipahoa than he does in the parish of St. Tammany. He has made no written declaration declaring which is the parish of his domicile. Where such a state of facts is presented, as we find in this case, the question is not whether the defendant has changed his domicile from St. Tammany to Tangipahoa, but rather where is his domicile? It is not for the plaintiff to show, according to article 43 [45] Civil Code, from circumstances, that the defendant has changed his domicile at all. It is sufficient, for his purpose, to show, according to article 38 [42], that the defendant resides as much in one of these parishes as the other. He shows, according to that article, that the defendant's habitual residence is in Tangipahoa and that his principal establishment is in that parish. The defendant has not shown by the public declaration required of him which is the place of his domicile. By his own acts he has rendered the place of his real domicile equivocal and uncertain, and failing to remove the doubt by a formal recorded act of notice to the world, his creditor thereby acquires the right of suing him in either parish.

A review of the evidence induces us to conclude that our former judgment should be set aside.

It is therefore ordered that the judgment first rendered in this case be annulled; and it is now ordered that the exception be overruled and the case remanded to the court of the first instance to be proceeded with according to law, the defendant and appellee paying costs of this appeal.

Justices Howell and Wyly adhere to the former opinion.