No. 201.—GOTLIEB KING *v.* AMANDA J. WATTS, Administratrix, et als.

If a party has acquired a domicile in one parish, and removes therefrom to another parish, he may be sued and cited in the parish of his former domicile within one year after he removes therefrom, unless he has by public declaration in the manner provided by law declared the place of his domicile.

An injunction will not lie to stay the execution of a judgment that has been rendered by the confession or consent of the attorneys of record to the suit, if the evidence shows that the attorneys were authorized to file the answer, which formed the basis of the consent judgment. Nor can the action for the nullity of such judgment be maintained.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray,* J. *Morrison & Farmer,* for plaintiff and appellant. *R. W. Richardson,* for defendants and appellees.

HOWELL, J. This is an action to enjoin and annul a judgment in the case of J. T. Watts, Administrator, *v.* J. W. T. Richardson, G. King and W. H. Gale, on a promissory note made by said defendants, on the following grounds:

*First*—Plaintiff did not appear, was not represented, and did not authorize an attorney to represent him in said suit.

*Second*—Said judgment was not rendered by default regularly taken or on final proof made.

*Third*—He neither confessed nor authorized any one to confess said judgment.

*Fourth*—Admitting he had an attorney, such attorney was not authorized to confess judgment or consent for one to be entered. The authority of an attorney at law does not include the power to confess or consent to a judgment.

*Fifth*—The district court of Ouachita was without jurisdiction *ratione materia*, as plaintiff then resided, and had for six months resided in

New Orleans, and no consent could be given to be sued in the parish of Ouachita.

The defense is a general denial, and a prayer for a dissolution of the injunction, with damages, and from a judgment in favor of defendants the plaintiff has appealed.

Some bills of exceptions are in the record, which from the view we have taken of the case it is unnecessary to examine.

Admitting that the plaintiff resided in New Orleans, as alleged, at the institution of the suit, the district court of Ouachita was not under the circumstances without jurisdiction, the plaintiff being within the exception provided by art. 167 C. P. to the general rule in art. 162. The former provides that "if the defendant change his domicile, he must be cited in the parish where he has resided within the last year, or within that where he has declared, in the manner prescribed by law, that he intended to have his domicile." The plaintiff resided in the parish of Ouachita within the last year preceding the institution of the suit, and he made no declaration in the manner prescribed by law where he intended to have his domicile. The article of the Constitution invoked by him relates to a political domicile or residence.

As to the question of appearance, the evidence legally admissible satisfies us that the judgment was properly rendered. The plaintiff does not pretend that he had or has a just defense to the suit, which was brought against him and two others on a simple promissory note made jointly and severally by them. He does not complain in his petition of a want of citation, of which there was a service, while it appears he accepted service of the petition and waived delay. On this point he denies that he authorized any one to appear for him. It is satisfactorily shown that Messrs. Stubbs and Cobb, attorneys, had prepared an answer for J. N. T. Richardson, and before it was filed said Richardson, King and Gayle came into their office together, and informed them that they, the defendants, had consented with the attorney for the plaintiff in the suit to a judgment with a stay of execution. Whereupon the answer was changed from the singular "defendant" to the plural "defendants," and thus filed, and the judgment rendered accordingly. The judgment recites that, "by reason of the law and the evidence, and by further reason of the consent of the attorneys of the plaintiff and defendants in open court, it is ordered," etc. The stipulated stay of execution was embodied in the judgment. Everything indicating that the agreement between the three defendants and the attorney of the plaintiff in the suit was faithfully and properly carried out. We are strongly impressed with the belief that King, the plaintiff herein, was in the court room at the time the judgment was rendered. We do not understand him as expressly denying it. However this may be, we are constrained to hold that his conduct

and actions in the interviews with the counsel of Watts and those of Richardson, were sufficient authority to the latter to file the answer and give the consent to the judgment as they did, for we understand that the proceeding as to taking and entering the judgment was had in open court in the presence of the attorneys for both parties. The facts and circumstances must be very plain and unequivocal to convict members of the bar of such unprofessional and untruthful conduct as plaintiff's theory in this case implies.

We are unable to see any legal cause for enjoining or annulling the judgment in question.

Judgment affirmed.

Ludeling, C. J., recused.