(100 South. 540)

No. 26556.

**JOHN A. WOGAN, Inc., v. FOLSE.**

**In re FOLSE.**

(May 12, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Venue** &⟋31 — **Exception to venue rule, stated.**

Code Prac. art. 162, providing that one must be sued before judge having jurisdiction over place where he has his domicile is subject to exception provided by article 166, that, if defendant reside alternately in different parishes, he must be cited in that in which he appears to have his principal establishment or habitual residence, and, if his residence in each appears to be nearly of same nature, he may be cited in either, unless he has declared his domicile, in view of Civ. Code, arts. 38, 41, 42, and 43.

**2. Venue** &⟋31—**Defendant held entitled to be sued in parish where he had his principal residence.**

Where defendant had factories in parish where he resided the greater part of the time and where he voted, he was entitled to be sued there, notwithstanding he had an establishment and resided part of time in another parish.

Action by John A. Wogan, Incorporated, against Lusignan N. Folse. Judgment for plaintiff, and defendant applies for writ of certiorari and prohibition. Writs granted.

D. V. Doussan, of New Orleans, for relator.

Denegre, Leovy & Chaffe and Charles Rosen, all of New Orleans, for respondent.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. Plaintiff, a corporation domiciled in the city of New Orleans, sued defendant in the civil district court for the parish of Orleans for breach of contract for the sale and delivery of 100,000 gallons of cane syrup. Defendant excepted to the jurisdiction of the court ratione personæ, averring that he is, and has been for many years, domiciled in the parish of Iberville, and could be sued only in that parish. The court below overruled the exception and ordered defendant to answer to the merits within 10 days. Defendant then applied to this court for writs of certiorari and prohibition, and the case is before us on a rule nisi issued upon said application.

From the evidence adduced on the trial of the exception, it appears that defendant is the owner of the Texas plantation in the parish of Iberville, where he has resided and has had his domicile for 26 years; that he is a sugar manufacturer, which is the only business in which he is engaged, and that he conducts his business on said plantation; that about 3 years ago he purchased a piece of real estate situated on Plum street in the city of New Orleans; that some of his children live on the plantation and some of his children live at the residence in New Orleans; that defendant and his wife reside about one-half of the year in the parish of Iberville and spend the remainder of the year in the parish of Orleans; that defendant has made no declaration of intention to

change his domicile; and that he is a qualified elector of the parish of Iberville and actually voted there in the recent gubernatorial primary

[1] In civil matters, the general rule is, as declared by our Code of Practice, art. 162, "that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence." But the rule is subject to certain exceptions. One of these exceptions is provided by article 166 of the Code of Practice, which reads:

"If a defendant reside alternately in different parishes, he must be cited in that in which he appears to have his principal establishment, or his habitual residence.

"If his residence in each appear to be nearly of the same nature, in such a case he may be cited in either, at the choice of the plaintiff, unless he has declared, pursuant to the provisions of the law, in which of those parishes he intended to have his domicile."

Article 38 of the Civil Code is to the same effect. A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there. Civil Code, art. 41. This intention is proved by an express declaration of it before the recorders of the parishes from which and to which he shall intend to remove. This declaration must be made in writing, signed by the party making it, and registered by the recorder. Civil Code, art. 42. In case this declaration is not made, the proof of this intention shall depend upon circumstances. Civil Code, art. 43.

[2] Upon the law and under the facts thus presented we are of the opinion that defend-ant has not acquired such a residence in the parish of Orleans as subjects him to the jurisdiction of the courts of that parish in a civil action.

The residences of the defendant in the parishes of Iberville and Orleans cannot be considered as "nearly of the same nature." The evidence. as a whole, shows that defendant spends slightly more of his time in the former parish. It is there he has his principal establishment; it is there, and there only, he conducts his business operations; and it is there he performs the duty required of all citizens to participate in the selection of their governing authorities. These circumstances, in the absence of the express declaration to the contrary, referred to in Civil Code, art. 42, evidence defendant's intention to maintain his domicile in the parish of Iberville, where he has resided for 26 years.

In support of his ·ruling, the respondent judge relies upon article 166 of the Code of Practice and article 38 of the Civil Code, referred to supra; and upon the cases of Judson v. Lathrop, 1 La. Ann. 78; Lacock v. Davidson, 9 La. Ann. 162; and Taylor v. Bach, 17 La. Ann. 61.

Each of the cited cases was decided upon its own particular facts, showing that the respective defendants were engaged in business, had their principal establishments, and resided the greater part of each year in the parishes where they were sued.

For the reasons assigned, it is ordered that the relief prayed for by relator be granted, and that the respondent judge be and he is hereby prohibited from proceeding further in said cause. Plaintiff ·to pay all costs.