(106 So. 705)

No. 27601.

## BARROW v. BARROW.

### In re TENNANT.

(Nov. 30, 1925. Rehearing Denied Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Divorce ⬷62(6)—Matrimonial domicile established by husband becomes his and his wife's for purpose of suits for separation from bed and board.**

Although, under Rev. Civ. Code art. 39, married woman has no other domicile than that of her husband, yet when husband establishes a matrimonial domicile and habitually resides there with his wife, such becomes his and his wife's domicile for purpose of his suit for separation from bed and board.

2. **Domicile ⬷10—Notarial acts declaring residence in certain parish are not conclusive on question of jurisdiction.**

Notarial acts produced by plaintiff, declaring residence in certain parish, being immaterial recitals in contracts with third persons, would not be conclusive in contest with others on question of jurisdiction.

3. **Divorce ⬷124—Circumstances held insufficient to prove that husband had resided in parish where he instituted divorce action.**

Where, in separation action, wife had raised question of jurisdiction, *held*, in absence of proof of intention by express declaration duly recorded under Rev. Civ. Code art. 42, and Code Prac. art. 166, that circumstances were not sufficient to prove that husband had resided in parish wherein he instituted action.

4. **Domicile ⬷2—"Domicile" and "residence" used synonymously.**

"Domicile" and "residence," as used in Code Prac. art. 162, providing one shall not be permitted to elect any other domicile and residence for purpose of being sued, *held* synonymous.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Domicile; Residence.]

5. **Domicile ⬷4(1)—Person may be sued in parish removed from within one year, in absence of expressed intention to change domicile.**

Under Code Prac. art. 167, if person wishes to protect himself from being sued in parish from which he has removed within one year from such removal, he should make an express declaration of his intention to change his domicile.

6. **Domicile ⬷8—Presumption is that domicile of choice remains unchanged, and burden is upon him who alleges change.**

Presumption is that place of present residence is domicile, and that domicile of choice, like domicile of origin, remains unchanged, and burden of proof is upon him who alleges the change.

7. **Domicile ⬷4(1)—There must be some evidence of intention to abandon residence, together with considerable lapse of time, after leaving.**

In order for it to be an abandonment of residence, when one leaves his home, there must elapse considerable time after leaving, together with some evidence of intention to abandon the residence.

8. **Domicile ⬷4(2)—Declaration of intention to change domicile shall not avail to evade law when contradicted by acts.**

Where declaration of intention to change domicile is contradicted by the acts of party, it shall not avail him to evade the law.

9. **Divorce ⬷62(6)—Proper forum for divorce action was parish where husband had maintained domicile with wife and where wife continues to reside.**

Where husband had resided with wife in parish 25 years, maintaining temporary residence for business purposes in another parish, *held* that, under Rev. Civ. Code arts. 38, 41, the parish where he resided was proper forum for institution of separation suit, where wife continued to reside in common dwelling in that parish.

Suit by Robert R. Barrow against Mrs. Jennie T. Barrow, wherein defendant excepted to jurisdiction of the court. Exceptions overruled, and defendant applies for writs of certiorari and prohibition. Judgment overruling exception rescinded and set aside, and ordered that suit be dismissed.

Milling, Godchaux, Saal & Milling, of New Orleans, and Jasper K. Wright, of Houma, for relator.

Suthon, Zengel & Daigle, of New Orleans, and Ellender & Ellender, of Houma, for respondent.

LAND, J. On September 29, 1925, plaintiff instituted suit against defendant in the Seventeenth judicial district court for the parish of Terrebonne for separation from bed and board and a partition of the community property. Having been served with a rule to show cause why a preliminary injunction should not issue against her in said cause, defendant appeared solely for the purpose of declining the jurisdiction of the court, and excepted that said court was without jurisdiction to entertain this cause, and was therefore without jurisdiction to issue an injunction herein for the following reasons:

"First. Your defendant is, and has been for a great many years, domiciled in and a citizen of the city of New Orleans, parish of Orleans, La., and therefore the court has no jurisdiction of the person of your defendant.

"Second. The court has no jurisdiction of the subject-matter herein, for the reason that plaintiff and your defendant 25 years ago established their matrimonial domicile and residence in the city of New Orleans. They moved to the city of New Orleans on October 1, 1900. They lived first at 1410 Valmont street in said city of New Orleans, and in the year 1909 they built a residence on St. Charles avenue, known as municipal No. 4938, and, when same was completed, moved therein on or about October 1, 1909, and have resided there continuously since that time. They have raised their family of children in their residence in the city of New Orleans, and three of their daughters have been married from their domicile and residence 4938 St. Charles avenue.

"Your defendant further shows that she has paid her poll taxes in said city of New Orleans and has registered as a voter of said city; that she and said plaintiff herein having resided in said domicile as husband and wife for the past 25 years, your honorable court herein has no jurisdiction of the person of your defendant and no jurisdiction of the subject-matter herein."

After hearing had on the exception to the jurisdiction ratione personæ and ratione materiæ, the exception was overruled, and relator applied to this court for writs of certiorari and prohibition.

A writ of certiorari was issued with a temporary stay order of all proceedings against relator, until the further orders of this court.

We are of the opinion that the exception to the jurisdiction should have been maintained, as the defendant has proved with reasonable certainty that the matrimonial domicile was established permanently in the city of New Orleans at the date of the institution of this suit, and had been so established for a number of years. It is true that Terrebonne was the parish of the original matrimonial domicile; plaintiff and defendant having married in that parish on June 28, 1880, and having resided there until the year 1900. The testimony in the case shows that plaintiff and defendant have lived together as husband and wife in the city of New Orleans for the last 25 years. They resided 9 years during this period at 1410 Valmont street, and 16 years at 4938 St. Charles avenue.

Plaintiff and defendant have four grown daughters, three of whom have married. These daughters were married at the residence on St. Charles avenue. At the date of this suit, the widowed daughter, Mrs. Robert S. Topping, and the unmarried daughter, Miss Jennie Barrow, were living with their mother at the St. Charles avenue residence. Miss Barrow has resided with her mother since her birth.

About 6 weeks prior to the institution of this suit, plaintiff left the common dwelling on St. Charles avenue, without any invitation to his wife to accompany him, and instituted the present suit against defendant in the parish of Terrebonne.

During all of the years plaintiff resided with his wife in the city of New Orleans, whenever he left the matrimonial domicile, he did so with the intention of returning,

and did return, after a brief absence. It is true that plaintiff kept his home in Terrebonne parish, and stayed there while visiting his plantation in that parish. This home, however, was in the hands of a caretaker and his wife, and was maintained solely for the comfort and convenience of plaintiff, and not as the matrimonial domicile.

The plaintiff visited his Terrebonne plantation in recent years but seldom, spending the greater portion of his time in New Orleans. While he resided in the city of New Orleans, plaintiff was engaged also in the canal business, with his office located at Westwego, Jefferson parish. This canal ran through the parishes of Jefferson, Lafourche, and Terrebonne. Plaintiff's canal office was located on the bank of the river, across from the city of New Orleans. Plaintiff would go to and from his office from his St. Charles avenue residence. He ate his meals and slept at home. Defendant's post office address is the city of New Orleans, and not in the parish of Terrebonne. Defendant is a registered voter of the city of New Orleans, and has paid her poll tax as a bona fide resident of that city.

The facts above recited are fully established by the testimony of defendant and of her unmarried daughter.

[1] It is true that "a married woman has no other domicile than that of her husband." R. C. C. art. 39. But when a husband establishes a matrimonial domicile, and habitually resides there, with his wife, the matrimonial domicile becomes his and the wife's domicile for the purpose of suits for separation from bed and board, although he may have acquired a residence elsewhere, to be used by him or his family during occasional visits, or while looking after his business or planting interests.

"The domicile of each citizen is in the parish wherein *he has his principal establishment.*"
And "the principal establishment is that in which *he makes his habitual residence.*" R. C. C. art. 38.

"A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there." R. C. C. art. 41.

"This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove."

"This declaration is made in writing, is signed by the party making it, and registered by the recorder." R. C. C. art. 42.

"If a defendant resides alternately in different parishes, he must be cited in that in which he appears *to have his principal establishment, or his habitual residence.* If his residence in each appear *to be nearly of the same nature,* in such a case he may be cited in either, at the choice of the plaintiff, *unless he has declared, pursuant to the provisions of the law,* in which of those parishes he intended to have his domicile." C. P. art. 166.

The plaintiff has never made and recorded any declaration, as required by the articles of the Civil Code, to preserve his domicile in the parish of Terrebonne. Nor has his residence in the parish of Terrebonne been nearly of the same nature as in the parish of Orleans, as plaintiff for years has resided fully nine-tenths of his time in the latter parish.

In Judson v. Lathrop, 1 La. Ann. 78, the court said in part:

"It will be observed that, when the party resides alternately in different parishes, the judicial declaration governs, when the residences appear to be nearly of the same nature—'si sa residence dans chacune est à peu près la même.'

"In the present case, the rule as to judicial declaration is not applicable, for the residences in the parishes of East Feliciana and in New Orleans cannot be considered as nearly the same in their nature. Two-thirds of the year are spent by the defendant in New Orleans. * * * We do not think that, under such circumstances, he can decline the pursuit of his creditors in the courts of New Orleans; and compel them to go to another parish, where, during two-thirds of the year, his person could not be found.

"The fact of the defendant's voting here at a municipal election lends strength to the plain-

tiff's case, but is not, in our opinion, essential to the decision of this controversy."

We do not think that the fact that plaintiff has voted in the parish of Terrebonne and owns a large plantation there is conclusive of the fact that Terrebonne is his domicile.

It is shown that plaintiff paid no personal taxes in the parish of Terrebonne, but did pay personal taxes in the city of New Orleans for the years 1921, 1922, 1923, 1924, and 1925.

In Succession of Franklin, 7 La. Ann. 395, 410, the court, in dealing with the question of domicile, said:

"In France, where, owing to the different systems of laws and customs formerly existing in the different provinces, questions of domicile have been much discussed, and are thoroughly understood, it is held, under a legislation which we have copied, that a place where a person exercises his political rights, and where the bulk of his property is situated, is not reputed his place of domicile, if that person, having a dwelling house elsewhere, habitually occupies it, and pays there his taxe personnelle et mobilière. See the case of Saiffert v. Seranega, 10 Sirey, pt. 2, p. 55."

Plaintiff has a common dwelling in the city of New Orleans which he had occupied with his wife and family for years before instituting this suit, and has paid his personal taxes in said city for the last 5 years.

[2, 3] The notarial acts produced by plaintiff, in which he had declared that he was a resident of the parish of Terrebonne, being immaterial recitals in contracts with third persons, would not be conclusive upon plaintiff in a contest with others upon a question of jurisdiction.

In Hill et al. v. Spangenberg, 4 La. Ann. 553, the defendant, notwithstanding the execution by him shortly before the institution of the suit of four notarial acts of mortgage, in which he described himself as living in New Orleans, was declared to be a resident of Jefferson parish and not of the city of

160 LA.—4

New Orleans, and the exception to the jurisdiction was maintained; it appearing that defendant spent his nights upon his plantation in Jefferson parish and his days in the city of New Orleans attending to business.

Nor does the fact that defendant had instituted suits in the parish of Terrebonne, and alleged himself to be a resident of said parish, necessarily constitute said parish his domicile, in the face of the fact that his habitual residence has been for a quarter of a century at the matrimonial domicile in the city of New Orleans. Said domicile has not been changed by the mere act of plaintiff withdrawing from same, shortly before bringing this suit, and removing to the parish of Terrebonne, without invitation to his wife to accompany him to his new abode. In the absence of proof of intention by express declaration duly recorded, as required by the articles of the Code, we do not find the circumstances of this case sufficient to prove that plaintiff has resided in the parish of Terrebonne with the intention of making his principal establishment or habitual residence there. The fact that plaintiff has sued and has been sued in the parish of Terrebonne, and that he has declared himself in every suit a resident of Terrebonne parish, is a mere circumstance of the case. One must be sued—

"before the judge having jurisdiction over the place where he has his domicile or residence, and *shall not be permitted to elect any other domicile or residence for the purpose of being sued,* but this rule is subject to those exceptions expressly provided for by law." C. P. art. 162.

[4] This article uses the words "domicile" and "residence" as synonymous. The "domicile" of plaintiff "is that in which he makes his habitual residence."

Plaintiff may reside in the parish of Terrebonne temporarily for the purpose of attending to his planting interests; but it is not legally possible for plaintiff to have *two*

160 LOUISIANA REPORTS

domiciles, *one* in the city of New Orleans, and *one* in the parish of Terrebonne.

Plaintiff removed from the city and parish of Orleans to the parish of Terrebonne only about six weeks before this suit was instituted.

Article 167 of the Code of Practice declares:

'"If the defendant change his domicile, he must be cited in the parish where he has resided within the last year, *or within that where he has declared in the manner prescribed by law, that he intended to have his domicile.*"

[5] In Berry v. Gaudy, 15 La. Ann. 533, the Supreme Court said:

"Where a party has removed from one parish into another, and has acted in the latter parish in such a manner as to manifest sufficiently his intention to change his domicile, *but has not made a formal declaration to that effect,* if a year has not elapsed since his removal, it is optional with a party desiring to sue him to bring the suit in either parish.

"If a person wishes to protect himself from being sued in the parish from which he has removed, *he should make an express declaration of his intention to change his domicile.*"

In King v. Watts, 23 La. Ann. 563, the same doctrine was held as correctly expressed in the following language of the syllabus:

"If a party has acquired a domicile in one parish, and removes therefrom to another parish, he may be sued and cited in the parish of his former domicile within one year after he removes therefrom, *unless he has by public declaration in the manner provided by law, declared the place of his domicile.*"

See, also, State ex rel. Steele, 33 La. Ann. 910; Villere v. Butman, 23 La. Ann. 516; Alter v. Waddill, 20 La. Ann. 246; Hennen v. Hennen, 12 La. 190; Waller v. Lea, 8 La. 213; Hyde v. Henry, 4 Mart. (N. S.) 51.

[6] When plaintiff removed from the parish of Terrebonne 25 years ago and established the matrimonial domicile in the parish of Orleans, he did not declare, in the manner provided by law, that he retained the parish of Terrebonne as his domicile. The right of any party to sue plaintiff in the parish of Terrebonne, his former domicile, was limited, therefore, to one year after his removal therefrom, as the domicile of plaintiff after that time was unquestionably in the city of New Orleans.

"The presumption is that the place of present residence is the domicile. 10 Am. & Eng. Ency. of Law, p. 22." State v. Joyce, 123 La. 632, 49 So. 219.

"The presumption is that the domicile of choice, like the domicile of origin, remains unchanged, and the burden of proof is upon him who alleges the change. 10 Am. & Eng. Ency. of Law, pp. 23, 24." State v. Joyce, 123 La. 632, 49 So. 219.

[7] In order for it to be an abandonment of residence, when one leaves his home, there must elapse considerable time after leaving, together with some evidence of intention to abandon the residence. State v. Tomsa, 126 La. 682, 52 So. 988.

The act of plaintiff in residing habitually with his family in the city of New Orleans for the last 25 years is irreconcilable with the declarations as to his intention to retain his domicile in the parish of Terrebonne.

[8] Where the declaration of an intention to change his domicile is contradicted by the acts of the applicant, it shall not avail him to evade the law. Yerks v. Broom, 10 La. Ann. 94; Wesson v. Marshall, 13 La. Ann. 436.

[9] We hold, therefore, that the parish of Orleans is the domicile of the plaintiff, and the proper forum for the institution of the present suit, as plaintiff's wife continues to reside in the common dwelling in that parish.

The judgment of the lower court, overruling the exception to the jurisdiction, is therefore rescinded and set aside, and it is now ordered that said exception be maintained, and that plaintiff's suit be dismissed at his cost.