**BLOOM v. MUNDY.**

No. 14492.

Court of Appeal of Louisiana. Orleans.

Nov. 13, 1933.

Charles J. Mundy, of New Orleans, in pro. per.

Deutsch & Kerrigan & Burke, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by a doctor to recover certain fees for professional services rendered to the defendant's wife. Defendant filed an exception of vagueness, a plea to the jurisdiction ratione personæ, and, in the alternative, a general denial.

The trial court overruled the exceptions and rendered judgment on the merits in favor of the plaintiff as prayed for, and the defendant has appealed.

In this court the defendant only complains of the ruling of the trial court with reference to the jurisdictional question presented. The only evidence offered by defendant to show that he had changed his domicile from the parish of Orleans to the parish of St. Tammany is a document in the form of an affidavit before a notary public in New Orleans, dated September 17, 1932, in which the defendant declared that he and his wife "have definitely changed their residence from the Parish of Orleans to the Parish of St. Tammany as a permanent residence." There is nothing in the record to show that this document was recorded either in the parish of Orleans or the parish of St. Tammany, except the statement by the defendant in his brief that the affidavit had been recorded in the parish of Orleans on September 22, 1932, in mortgage book 1464, Folio 23.

Article 167 of the Code of Practice reads as follows:

"If the defendant change his domicile, he must be cited in the parish where he has resided within the last year, or within that where he has declared in the manner prescribed by law, that he intended to have his domicile."

Articles 41 and 42 of the Revised Civil Code provide:

"41. A change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there.

"42. This intention is proved by an express declaration of it before the recorders of the parishes, from which and to which he shall intend to remove.

"This declaration is made in writing, is

signed by the party making it, and registered by the recorder."

■ There is no doubt that, under the language of article 167 of the Code of Practice, plaintiff had the right to sue the defendant in the parish of Orleans unless it can be said that the affidavit tending to show the change of domicile had the effect of legally preventing the plaintiff from doing so. Berry v. Gaudy, 15 La. Ann. 533; King v. Watts, 23 La. Ann. 563; Barrow v. Barrow, 160 La. 91, 106 So. 705. While this document is dated September 17, 1932, it was not recorded until September 22, 1932. In the meantime, suit had been filed on September 20, 1932; therefore, at the time the suit was filed, the defendant had not complied with the provisions of article 42 of the Revised Civil Code, which required that the document be registered. Defendant also failed to comply with the provisions of the article in not having made a similar declaration before the recorder in the parish of St. Tammany and having it recorded there.

In Hyde et al. v. Henry, 4 Mart. (N. S.) 51, and Leonard's Tutor v. Mandeville, 9 Mart. (O. S.) 489, our Supreme Court held that it is necessary that the declaration of change of domicile be recorded in both the parish from which the party is moving and in the parish where his new domicile is established. The court properly overruled the plea to the jurisdiction ratione personæ.

On the merits the defendant did not offer any evidence to contradict the testimony offered by the plaintiff, and we, therefore, conclude that the judgment is correct.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.