## BREELAND v. KENNER et al.*
### No. 16352.

Court of Appeal of Louisiana. Orleans.
March 23, 1936.

Mrs. Frances A. Kenner and Huddleston Kenner, in pro. per.

Alex W. Swords, of New Orleans, for appellee.

WESTERFIELD, Judge.

Reuben D. Breeland, a contractor, filed this suit in the First City Court of New

Orleans against Mrs. Frances A. Kenner and H. D. Kenner, her husband, owners of the property No. 1829–31 Valence street in the city of New Orleans, for $275 for work done on the premises.

The defendants filed a plea to the jurisdiction ratione personæ, which was overruled, and later an answer to the merits denying the existence of the contract sued on and averring that the work was improperly executed.

There was judgment below on the merits, as prayed for, and defendants have appealed.

█ The evidence is to the effect that defendants were for many years residents of the city of New Orleans and that they owned and resided in the property No. 1831 Valence street in this city. In 1920 they purchased a home in the parish of St. Tammany, which they occupied during the summer, and spent their winters in New Orleans, and that in recent years defendants lived, for most of the year, at their home in St. Tammany, always, however, maintaining their residence on Valence street, where they have a furnished apartment ready for their occupancy. Mr. Kenner testified that he considered St. Tammany his legal domicile and that he is a qualified and registered voter in that parish, though he has never recorded a declaration of intention pursuant to the provisions of articles 41 and 42 of the Civil Code. In the early part of the year 1934 the defendants made application to the Home Owners Loan Corporation, a corporation organized under the Acts of Congress of 1933 (48 Stat. 128, see 12 U.S.C.A. § 1461 et seq.), in which application defendants declared that the property on Valence street was their home, in order that their application might receive favorable consideration, loans being granted only to home owners in conformity with the purpose of the act of Congress.

The contention of plaintiff is that this application for a loan creates an estoppel which would prevent defendants from denying that their residence was in the city of New Orleans. It may be, as opposing counsel suggests, that too much importance is attached to the application and that no estoppel results, but, in any event, the statements made in the application in order to obtain a loan which could only be granted to a home owner is most persuasive of defendants' attitude with respect to their principal place of residence, and, when that circumstance is considered in connection with the other facts, it at least proves that the defendants reside alternately in both the parishes of St. Tammany and Orleans.

Article 166, Code Prac., provides:

"If a defendant reside alternately in different parishes, he must be cited in that in which he appears to have his principal establishment, or his habitual residence.

"If his residence in each appear to be nearly of the same nature, in such a case he may be cited in either, at the choice of the plaintiff, unless he has declared, pursuant to the provisions of the law, in which of those parishes he intended to have his domicile."

See, also, Hill et al. v. Spangenberg, 4 La. Ann. 553; Bloom v. Mundy (La.App.) 150 So. 680.

In Villere v. Butman, 23 La.Ann. 515, it was held (syllabus): "If the defendant, by his own acts, has rendered the place of his real domicile equivocal and uncertain, the creditor may, on showing the fact, proceed against him in either parish, at his option."

In our opinion, the plea to the jurisdiction was properly overruled.

█ On the merits, the principal complaint is that no contract was entered into between the plaintiff and the defendants with regard to the making of the repairs to defendants' premises, and that, since the suit is upon a contract, there can be no recovery on a quantum meruit. Dalgarn v. New Orleans Land Co., 162 La. 891, 901, 111 So. 271.

As has been stated, the defendants made application to the Home Owners Loan Corporation for a loan, the amount of which is undisclosed by the record. The Home Owners Loan Corporation, before making a loan to a home owner, requires that certain repairs, which it deems necessary, shall be made. The defendants assented, as they were obliged to do, before obtaining the loan. According to the routine procedure of the Home Owners Loan Corporation, certain bids were received and the plaintiff given the contract as the contractor having submitted the lowest bid. When the loan was made and the act of mortgage securing it executed, the sum of $275, the contract price of the repairs, was returned to the notary for the purpose of paying the contractor and the balance turned over to defendants. The contention that there was no contract is based upon the idea that the se-

lection of the contractor by the Home Owners Loan Corporation and the actual letting of the contract by it did not bind defendants. The fallacy in this argument consists in the failure to recognize that the Home Owners Loan Corporation was acting, in this respect, as the agent of defendants. Moreover, the specifications under which the contract was let and the work executed were exhibited to defendants and approved, as evidenced by their signature.

As to the character of the work, there is a letter in the record signed by Mrs. Kenner, which complains of the character of the repairs undertaken and many other things, but which contains the statement that Mr. Kenner had examined the work and found it to be "done in a good workmanlike manner."

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.