EASTERN DIST.
*April,* 1835.

WALLER
*vs.*
LEA.

| 8L 213 |
| 45 990 |

## WALLER *vs.* LEA.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a resident of New-Orleans, on the 28th February, gave notice to the parish judge of the parish of St. Tammany, that he had changed his domicil to that parish, since the 1st of January past, but omitted to notify the parish judge of New-Orleans, of his intention to change his domicil, and did not actually remove until suit and service of citation on him, the 9th of April following: *Held,* that he was properly sued at his legal domicil, and that the District Court, sitting in the parish of New-Orleans, has jurisdiction of the case.

E ASTERN DIST.
*April*, 1835.

WALLER
*vs.*
LEA

A change of domicil is produced by the *act of residing* in another parish, combined with the intention of making one's principal establishment there.

This is an action in which the plaintiff seeks to recover damages to a large amount from the defendant, for an alleged breach of contract, on the part of the latter, in failing to employ and compensate the former, as a deputy clerk in his office, as clerk to the United States District Court, for the Eastern District of Louisiana.

The suit was instituted in the First District Court, for the state of Louisiana, sitting in New-Orleans; and citation was served on the defendant, the 9th of April, 1834.

The defendant excepted to the petition, and averred that he was a resident of the parish of St. Tammany, where his domicil had been established, long prior to the institution of this suit; and that he is not answerable to the jurisdiction of the District Court of Louisiana, sitting in New-Orleans.

The evidence showed that the defendant intended, as early as September, 1833, to remove his domicil from New-Orleans, to the parish of St. Tammany; that in February, 1834, he resigned his office as clerk of the United States Court, for the Eastern District of Louisiana, and on the 28th of that month, made his declaration in writing, before the parish judge of St. Tammany, that he had changed his domicil and residence from New-Orleans to that parish, since the 1st day of January past. Early in April, he sent his slaves and furniture, and *actually removed with his family*, on the 16th of April, 1834, to his new domicil in the parish of St. Tammany.

The district judge was of opinion the evidence was sufficient to establish the legal domicil of the defendant in St. Tammany, at the period of commencing this suit; and sustained the exception, by dismissing the plaintiff's petition. The latter appealed.

*Waller*, in *propriâ personâ*.

*J. Slidell*, contra.

*Bullard, J.*, delivered the opinion of the court.

EASTERN DIST.
*April,* 1835.

WALLER
*vs.*
LEA.

The defendant being sued in the court of the first district, pleaded that he is a resident of the parish of St. Tammany, where he avers his domicil was established at a period long prior to the institution of the suit.    The court having sustained his exception, the plaintiff appealed.

It is not denied that the defendant was for a long time domiciliated and had his residence in the city of New-Orleans, where he held the office of clerk of the District Court of the United States.    It appears, that on the 28th February, 1834, he gave notice to the parish judge of the parish of St. Tammany, that he had changed his domicil from New-Orleans to that parish, where he had fixed it since the 1st of January past.    He gave no notice to the parish judge of the parish of New-Orleans, of his intention to change his domicil, nor did he finally remove with his family, from the city, until after the commencement of this suit.

Our only inquiry must be, whether, on the 9th of April, 1834, when service of citation was made on the defendant, he had legally changed his domicil, so as to deprive the court of the first district of jurisdiction.

"A change of domicil is produced by the *act of residing* in another parish, combined with the intention of making one's principal establishment there." *Louisiana Code*, 43.

The intention alone, however formally expressed, would not suffice ; it must be complied with by the act of residing in the new parish.    If the defendant had made his declaration according to the Code, before both of the judges of the parishes from and to which he intended to remove, the act of removing would have created a change of domicil.    When such declaration is not made, the proof of *this intention* will depend on circumstances.    *Louisiana Code, article* 45.    13 *Sirey,* 2d *part,* 353.    8 *Martin,* 709.    9 *Martin,* 491. 4 *N. S.*, 57.

Where a resident of New-Orleans, on the 28th February, gave notice to the parish judge of the parish of St. Tammany, that he had changed his domicil to that parish, since the first of Jannuary past, but omitted to notify the parish judge of New Orleans, of his intention to change his domicil, and did not actually remove until suit and service of citation on him, the 9th of April following :  *Held*, that he was properly sued at his legal domicil, and that the District Court, sitting in the parish of New-Orleans, has jurisdiction of the case.

A change of domicil is produced by the *act of residing* in another parish, combined with the intention of making  one's principal establishment there.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, the

EASTERN DIST. non-suit set aside, and the case remanded for further
*April*, 1835. proceedings therein, according to law, and that the appellee
CROCKER      pay the costs of this appeal.
*vs.*
WILLIAMSON
ET AL.