*617
 
 On Motion to Dismiss.
 

 LAND, J.
 

 The defendant .and appellee moves to dismiss the appeal in this case on the ground that no legal citation of appeal has been served on him.
 

 The indebtedness for which plaintiff sues is alleged to -have arisen on February 6, 1919, and “to be a matter connected with the cotton business, or the buying of cotton, conducted by W. D. Haas individually at Bunkie, Avoyelles parish, La., under the old firm name of W. D. Haas & Co.,” which was dissolved on January 1, 1919, W. D. Haas taking over all of the ass’ets and assuming all of the liabilities of said firm.
 

 Alexandria, La., was the legal domicile of W. D. Haas at the date of the institution of this suit, and of the service of the citation of appeal, as well as the legal domicile of the old firm of W. D. Haas & Co. during its continuance.
 

 The citation of appeal is addressed to “W. D. Haas & Co., Bunkie, La.,” and the return on said citation shows service of a copy of the petition and citation—
 

 “on the defendant herein named, leaving the same at the mercantile establishment in 'the town of Alexandria, Rapides parish, La., in the hands of W. D. Haas in said establishment, and a person apparently over the age of 14 years, in the employ of the said W. D. Haas & Co. as president, whose name and the other facts connected with this service I learned by interrogating the said W. D. Haas, the said W. D. Haas & Co. and the individual members thereof being absent from the domicile of the said firm at the time of service.”
 

 As no partnership by the firm name of W. D. Haas &, Co. existed at Alexandria at the date of the institution of this suit, or of the service of the citation of appeal, we shall treat as surplusage the entire return on the citation, except that part which shows that personal service was made on W. D. Haas, at his legal domicile in the parish of Rapides. The service of said citation was also legally made in that parish, as section 1, subd. 12 of Act 179 of-1918, provides that:
 

 “Any person engaged in commercial business may be sued and served in all matters connected with said business in the parish where the business is carried on, even though he may have his legal, domicile elsewhere, or at his legal domicile, as desired by the party controlling the suit or process.”
 

 The service in this case of citation of appeal at the. legal domicile of defendant at Alexandria, was, therefore, duly authorized by said act, and must be held to have been properly made on defendant in said parish.
 

 For the purposes of this suit, W. D. Haas individually and W. D. Haas & Co. are one and the same person in legal contemplation, and the issuance of citation to either, and service upon W. D. Haas, meet all the legal requirements of the case.
 

 The motion to dismiss is therefore overruled.
 

 Exception to the Jurisdiction.
 

 This exception is predicated upon the following grounds:
 

 “And now into court comes William D. Haas, made a defendant in the above numbered and entitled cause, as proprietor of the firm of W. D. Haas & Co., and alleges that said firm of W. D. Haas & Co. was dissolved over two years ago, and has not been in existence since that time, nor was the same at time of the dissolution domiciled in the parish of Avoyelles, but it was domiciled in the parish of Rapides, and that even when the said firm was in. existence, the same was not composed of W. D. Haas.
 

 “Avers further that this suit, if intended to be directed against this defendant, W. D. Haas, as sole proprietor of a firm which does not exist, the court is without jurisdiction to enter-t&in a suit against him, for the reason that your exceptor is a resident of and domiciled in the parish of Rapides in your said state; further, that the said firm of W. D. Haas & Co. at the time of its dissolution, over two years ago, and prior to any dealings, either by W. D. Haas or W. D. Haas & Co., with the said plaintiff, occurred particularly prior to February, 1919, was domiciled in the parish of Rapides, and your honorable court would still be without jurisdiction ratione personm in this matter.”
 

 The exception to the jurisdiction is without merit, as the present suit is not against the old partnership of W. D. Haas & Co.; the
 
 *619
 
 dissolution of which, according to the testimony of W. D. Haas, occurred on January 1, 1919, but against W. D. Haas, individually, doing business under the name of the late firm. The legal domicile of said firm is therefore unimportant.
 

 In an act of sale of date February 15,1919, W. D. Haas purchased all of the interests of the heirs of Samuel D. Haas, his late partner, in the stock of merchandise, notes, accounts, store building, and warehouse of the late firm of W. D. Haas & Co., which was located and engaged in business at Bunkie, Avoyelles parish, prior to 1919. Haas also assumed all the liabilities of said firm.
 

 It is testified by W. D. Haas that his late firm conducted a cotton business also at Bunkie, La., purchasing cotton under the name of W. D. Haas & Co., prior to the year 1919.
 

 The testimony in the case, as well as invoices, letters, etc., found in the record, show that W. D. Haas, since January 1, 1919, and as late as November 5, 1920, had been conducting individually a cotton business at Bunkie, La., under the old firm name of W. D. Haas & Co.
 

 As the cause of action of plaintiff arises from a matter connected with said business conducted by W. D. Haas at Bunkie, La., under the name of the late firm, the Fourteenth judicial district court of the parish of Avoyelles plainly has jurisdiction over the person of the defendant, although his legal domicile at the time may have been in Alexandria, parish of Rapides. Act 179 of 191S, § 1, subd. 12.
 

 The exception to the jurisdiction was sustained by the trial judge, and plaintiff’s suit was dismissed. This was error.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that the exception to the jurisdiction be overruled, that this ease be remanded to the lower court, reinstated on the docket of said court, and be proceeded with according to law and in due course. Appellee to pay costs of appeal.