E. R. BUSTER & SON v. LANGHOF

———

(March 24, 1930. Opinion and Decree.)

———

Titche, Kiam & Titche, of New Orleans, attorneys for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. In his application for a rehearing, counsel for plaintiff and appellee, for the first time directs our attention to Act 179 of 1918, Section 1, Subd. 12 of which reads as follows:

"Any person engaged in commercial business may be sued and served in all matters connected with said business in the parish where the business is carried on, even though he may have his legal domicile elsewhere, or at his legal domicile, as desired by the party controlling the suit or process; and for the purpose of service upon commercial and ordinary partnerships, they shall be considered as having their domicile where the partner-

ship carries on its business, notwithstanding all or some of the partners may reside elsewhere, and in any of said cases, service may be made at the legal domicile of that of the members of the partnership, or of any one of them."

It is obvious that our former decree maintaining the plea to the jurisdiction was erroneous.

There appears to have been no serious defense on the merits of the case, consequently plaintiff should have judgment as prayed for.

It is therefore ordered, adjudged and decreed that our former decree in this case be vacated and set aside and it is now ordered that the judgment appealed from be affirmed.