## ORLEANS PLUMBING SHOP v. MORRIS.
### No. 16959.

Court of Appeal of Louisiana. Orleans.

May 16, 1938.

Harry R. Cabral, of New Orleans, for appellant.

J. Olin Chamberlain, of New Orleans, for appellee.

JANVIER, Judge.

The Orleans Plumbing Shop prays for judgment against Edward J. Morris, Jr., in the sum of $300.00. The petition alleges that the said Morris is domiciled in the City of New Orleans and that petitioner, a contractor, supplied all labor and material necessary to install the plumbing and plumbing fixtures in the premises owned and occupied by Edward J. Morris, Jr. in Jefferson Parish.

Defendant Morris, filed a plea to the jurisdiction ratione personæ, alleging that he "is domiciled in the Parish of Jefferson * * * and has been domiciled in said Parish since October, 1936".

The matter was tried below on this plea to the jurisdiction, evidence was submitted, the plea was sustained, and plaintiff's suit was dismissed. The matter is now before us on appeal from that judgment.

Morris testified that he had been domiciled and had resided in the Parish of Orleans and within the jurisdiction of the First City Court of the City of New Orleans until September 25, 1936, at which time he had removed to the Parish of Jefferson, where he had lived at 318 Brockenbrough Court until March 25,

1937, when he had removed from Brockenbrough Court to Kenner, Louisiana, also in the Parish of Jefferson, and that, at the time of the filing of the suit, he was still domiciled in Kenner in the said Parish. He further testified that he had not changed his registration from the Parish of Orleans to the Parish of Jefferson, but that he had secured his "poll tax in Jefferson Parish for the years 1936 and 1937". He conceded that when he removed to Jefferson Parish he did not register a declaration of intention to change domicile as he might have done under article 42 of the Civil Code.

■ Plaintiff maintains that, in truth and in fact, defendant has not actually and in good faith changed his domicile, but that, even if he has, he is estopped to raise the question of jurisdiction ratione personae in this suit because of an alleged judicial confession made in an earlier suit, wherein he admitted that his domicile was in the Parish of Orleans. The judicial confession referred to was contained in a petition filed by defendant, Morris, in a suit which he brought in the Civil District Court for the Parish of Orleans on June 2, 1937, in which he referred to himself as being "domiciled in the Parish of Orleans". It will be noted that that suit was filed nearly six months prior to the filing of the present suit. In the earlier suit, in which Morris alleged that he was domiciled in the Parish of Orleans, he prayed for judgment against the contractors who had erected the building in which the present plaintiff, the Orleans Plumbing Shop, had installed the plumbing fixtures for the price of which the present suit is brought. The present plaintiff, the Orleans Plumbing Shop, points to that earlier suit as one which involves subject matter with which the present suit is also concerned and maintains that it was misled by the allegations of that earlier suit, which allegations constituted a judicial confession on the part of Morris, and that, therefore, he is estopped by that judicial confession to now contend that he is not domiciled in the Parish of Orleans. Farley v. · Frost-Johnson Lumber Company, 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas.1915C, 717.

Counsel for defendant, Morris, replies that, though the allegation as to domicile as made in the first suit was true, defendant's legal status has changed since that time and his domicile is now, in truth

and in fact, in the Parish of Jefferson, and counsel for Morris further contends that, as a matter of fact, plaintiff in the present suit was not misled by the allegation in the earlier suit and did not rely upon it in bringing the present suit.

It is quite evident that when the present suit was prepared, counsel for plaintiff did not rely on the allegation which Morris had made in the earlier suit because, when the plea to the jurisdiction was sustained and the present suit was dismissed, counsel, in application for a new trial, stated that, since the first trial, he had discovered the judicial admission to which he now points. If he discovered it only after the suit had been dismissed on the plea to the jurisdiction, it is apparent that he did not rely on the said judicial confession when he prepared and filed this suit in the Parish of Orleans.

Furthermore, counsel for Morris maintains that · the domicile of Morris has actually changed for legal purposes since Morris filed the earlier suit.

■ It is quite obvious that a domicile may be changed at any time desired, for article 41 of the Civil Code provides that "a change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there." If, then, a real change in domicile may be produced by actually moving, provided there be intention to effect the change, the change takes place instantaneously, and therefore, if such change is actually made a judicial confession made in an earlier suit could not be given perpetual effect and could not bind the person who made the judicial confession to forever maintain his domicile in the Parish in which he confessed that he had resided at the time of the making of the confession.

The question, then, is whether or not the defendant, Morris, in good faith, had effected a change in domicile when this suit was filed.

There· is not involved the question of the maintenance of two domiciles alternately, as there was in Breeland v. Kenner et al., La.App., 166 So. 677, nor is there involved the question of a defendant's being domiciled in one parish and conducting a business in another, which we considered in Buster & Son v. Langhof, 13 La.App. 7, 126 So. 738.

That defendant, Morris, actually moved, there can be no doubt because the evidence contains no contradiction whatever of his statement that he moved considerably more than a year prior to the time at which the present suit was filed. That he was not required to register his intention to change his domicile is evident from a reading of the many cases on the subject, in which it has been held that, though article 42 of the Civil Code provides a method of proving intention, it is not exclusive and change in domicile is actually effected by proof of actual removal and proof of intention to effect the change. See Waller v. Lea, 8 La. 213; Evans v. Payne, 30 La.Ann. 498; Hennen v. Hennen, 12 La. 190.

Counsel for Morris explains the allegation as to domicile which is contained in the earlier suit by stating that it was his belief that, where no declaration is filed, the domicile of the party, for purposes of litigation, remains in the parish from which he has removed until one year after the removal, and he bases this understanding on articles 167, 168 of the Code of Practice. Article 167 provides that:

"If the defendant change his domicile, he must be cited in the parish where he has resided within the last year, or within that where he has declared in the manner prescribed by law, that he intended to have his domicile."

Counsel states that when the earlier suit was filed by Morris less than one year had elapsed since his removal from the Parish of Orleans to Jefferson Parish and that, therefore, he had alleged that he was yet domiciled in the City of New Orleans, but that, when the present suit was filed, more than one year from the removal had elapsed and that, therefore, he, acting under article 168, filed the plea to the jurisdiction. Reference to the petition in that suit—the record being offered in evidence here—shows that even there plaintiff alleged that, though he was yet domiciled in the Parish of Orleans, he was "residing in the Parish of Jefferson."

Morris was within his rights in filing the said plea; he was not estopped by the earlier allegation. Furthermore, plaintiff's petition in the instant case indicates knowledge of the fact that the very building in which plaintiff installed the plumbing fixtures is, at the present time, being occupied by the said Morris as his residence. Therefore, under all the circumstances shown, we believe that defendant has established the fact that he is domiciled in the Parish of Jefferson and had been so domiciled for more than one year at the time this suit was filed.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be and it is affirmed, at the cost of appellant.

Affirmed.