ELLIS, Judge.
Plaintiff has filed suit against the defendant in the Parish of East Feliciana in the sum of $127.73 which he alleged was due for merchandise purchased by defendant between January 14, 1949 and March 10, 1949 and which was delivered to the Jackson Cafe which was allegedly being operated by the defendant.
To the petition there was filed a plea to the jurisdiction rationae personae which was sustained by the District Court and from which the plaintiff has appealed.
The plaintiff contends that under the Louisiana Revised Statutes, Vol. 2, Title 13:3471, Par. (11), p. 209, which deals with service of process on a person or partnership engaged in commercial business, that the plea should have been overruled. He cites the case of Puchen v. W. D. Haas & Co., 158 La. 616, 104 So. 388, and also E. R. Buster v. Langhof, 13 La.App. 7, 126 So. 738.
Plaintiff’s contention is not sound as the facts reveal that on the date upon which the debt was contracted, and alleged payments made on - account, the defendant was only the lessor of one Herrington who at that time was operating the Jackson Cafe and who actually bought the merchandise and later made payments on same. Also, on the date of purchase of the merchandise by Herrington and at the time of trial, defendant was a resident of East Baton Rouge Parish. The defendant subsequently purchased the business .and was operating it on the date suit was filed. The law and *726 cases cited by plaintiff are not applicable in view of the facts.
In argument, counsel for plaintiff mentioned a violation of the Bulk Sales Law, Act No. 270 of 1926, as a basis for defendant’s liability, however, even if such law was applicable, there is no basis for such an argument raised by the pleadings.
Jurisdiction in this case is governed by Code of Practice, Article 162.
The judgment of the District Court is accordingly affirmed.